**Yan Lin ZHUANG, Petitioner,**

v.

**Alberto GONZALES,[1] Respondent.**

**No. 03–4354–AG NAC.**

United States Court of Appeals, Second Circuit.

Oct. 27, 2005.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

will stand if it is supported by 'reasonable, substantial, and probative' evidence in the record when considered as a whole." *Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003) (quoting *Diallo v. INS*, 232 F.3d 279, 287 (2d Cir.2000)).

The IJ's "administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). This Court will reverse the BIA's eligibility determination "only if the evidence presented .... was such that a reasonable factfinder would have to conclude that the requisite fear of persecution existed." *INS v. Elias–Zacarias*, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). The mere plausibility of a different outcome is not sufficient to justify reversal; rather, this Court "must find that the evidence not only *supports* th[e] conclusion [that the applicant is eligible for asylum], but *compels* it." *Id.* at 481, n. 1, 112 S.Ct. 812; *see Chen v. INS*, 344 F.3d 272, 275–76 (2d Cir.1995).

In this case, the IJ's factual determinations were substantially supported by the record as a whole, and, because this Court cannot conclude that "a reasonable adjudicator [would be] compelled to find otherwise," the petition for review should be dismissed. *Dong*, 406 F.3d at 111. The IJ determined that Zhuang had failed to support her claim on the basis of her adherence to Falun Gong because she had not: (1) demonstrated that she actually adhered to the faith; (2) provided witnesses to corroborate her claim that she had practiced Falun Gong in this country; and (3) sufficiently proven that her practice of Falun Gong would result in persecution in China. Further, the IJ ruled that Zhuang had failed to substantiate her claim that she would be persecuted on the basis of her American-born child because she had presented no evidence that Chinese au-

Thomas v. Massucci, New York, New York, for Appellant.

Friedrich A.P. Siekert, Assistant United States Attorney, Office of the United States Attorney for the District of Minnesota (Thomas B. Heffelfinger, United States Attorney for the District of Minnesota, on the brief), Minneapolis, Minnesota, for Appellee.

Present: JACOBS, KATZMANN, and RAGGI, Circuit Judges.

**SUMMARY ORDER**

***UPON DUE CONSIDERATION** of this petition for review of the Board of Immigration* Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is denied.

Yan Lin Zhuang through counsel, petitions for review of the BIA decision affirming the Immigration Judge's ("IJ") decision denying her application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history.

This Court reviews the IJ's decision where, as here, the BIA summarily adopted or affirmed the IJ decision without opinion. *See Dong v. Ashcroft*, 406 F.3d 110, 111 (2d Cir.2005) (*per curiam*); *Arango–Aradondo v. INS*, 13 F.3d 610, 613 (2d Cir.1994). This Court reviews an IJ's factual findings under the substantial evidence standard, and as such, "a finding

thorities would enforce the family planning policies against someone who had foreign-born children. *See Jian Xing Huang v. United States INS*, 421 F.3d 125 (2d Cir. 2005) Further, nothing in the record suggests that the IJ erred in also denying Zhuang's request for withholding, as her evidence was insufficient to meet the lower standard required for asylum. Finally, because Zhuang presented no evidence that she had been tortured or likely would be upon her return to China, the record substantially supports the IJ's denial of Zhuang's request for relief under CAT. Accordingly, this Court cannot conclude that "a reasonable adjudicator [would be] compelled to find otherwise." *Dong*, 406 F.3d at 111.